LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

S.D. RYAN LEIBLE,
*on behalf of himself and FLSA Collective Plaintiffs*,

              Plaintiff,

    v.

HUD HOSPITALITY LLC
    d/b/a YOON HAEUNDAE GALBI,
and JUSUNG YOON,

             Defendants.

---

Case No.: 19-cv-842

**COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, S.D. RYAN LEIBLE (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, HUD HOSPITALITY LLC d/b/a YOON HAEUNDAE GALBI ("Corporate Defendant") and JUSUNG YOON ("Individual Defendant") (each individually, "Defendant," or collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid minimum wage due to invalid tip credit deductions, (2) unlawfully retained tips, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage due to invalid tip credit deductions, (2) unlawfully retained tips, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, S.D. RYAN LEIBLE, is a resident of Queens County.

6. Defendants operate a restaurant under the trade name "Yoon Haeundae Galbi" located at 8 West 36th Street, New York, NY 10018.

7. Defendant, HUD HOSPITALITY LLC d/b/a YOON HAEUNDAE GALBI, is a domestic limited liability company organized under the laws of New York, with a principal place of business located at 8 West 36th Street, New York, NY 10018, and an address for service of process, located at 575 Madison Avenue, New York, NY 10022. Defendants operate "Yoon Haeundae Galbi" restaurant through Corporate Defendant HUD HOSPITALITY LLC.

8. (i) Individual Defendant JUSUNG YOON is the owner and principal of Corporate Defendant and has operational control of Yoon Haeundae Galbi. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire

employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff and FLSA Collective Plaintiffs at Yoon Haeundae Galbi. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff and FLSA Collective Plaintiffs.

(ii) Individual Defendant JUSUNG YOON additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff and FLSA Collective Plaintiffs at Yoon Haeundae Galbi. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Yoon Haeundae Galbi is operating efficiently and profitably.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped persons (including but not limited to servers, runners, bussers, bartenders and hosts/hostesses) employed by Defendants on or after

the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful (i) failure and refusal to pay them minimum wage and (ii) improper retention of tips. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. From in or around March 2018 until on or about July 7, 2018, Plaintiff S.D. RYAN LEIBLE worked as a server for Defendants' "Yoon Haeundae Galbi" restaurant located at 8 West 36th Street, New York, NY 10018.

16. Throughout his employment with Defendants, Plaintiff S.D. RYAN LEIBLE regularly worked seven (7) hours per day for five (5) to six (6) days per week. No break time was provided during Plaintiff's employment. Based on Plaintiff's observations and conversations with his co-workers, all tipped employees at Yoon Haeundae Galbi regularly worked similar hours.

17. Throughout his employment with Defendants, Plaintiff S.D. RYAN LEIBLE was paid at a base hourly rate of $8.65 per hour. Based on Plaintiff's observations and conversations with his co-workers, all tipped employees at Yoon Haeundae Galbi were paid at similar hourly rates.

18. Throughout Plaintiff's employment with Defendants, Defendants had a policy of improperly retaining the tips earned by Plaintiff and other tipped employees. In addition, Defendants had a common policy of penalizing employees who are late for work by reducing their tip pool allocation by five (5) percent permanently and the management keeping such tips. As a result of Defendants' improper tip pool and unlawful tip retention, Plaintiff was not paid approximately $200 in tips he earned from customers each week.

19. At no time during the relevant time periods did Defendants provide Plaintiff with proper wage and hour notices or wage statements as required by NYLL.

20. At all relevant times, Defendants paid Plaintiff and FLSA Collective Plaintiffs at hourly rates below the prevailing minimum wage, in violation of the FLSA and NYLL.

21. Throughout his employment with Defendants, Plaintiff and FLSA Collective Plaintiffs did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff and FLSA Collective Plaintiffs did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff and FLSA Collective Plaintiffs of the proper regular rate of pay or the amount of tip credit taken for each payment period.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs either the FLSA minimum wage or the New York State minimum wage, despite failing to satisfy the requirements to claim tip credit.

23. Defendants knowingly and willfully operated their business with a policy of improperly retaining tips earned by Plaintiff and FLSA Collective Plaintiffs.

24. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff, in violation of the NYLL.

25. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff, in violation of the NYLL.

26. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff realleges and reavers Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

30. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

31. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were not entitled to claim any tip credits because they failed to meet the statutory requirements under the FLSA.

32. Defendants knowingly and willfully operated their business with a policy of making improper deductions from the base minimum wage of Plaintiff and FLSA Collective Plaintiffs, in violation of the FLSA.

33. Defendants knowingly and willfully operated their business with a policy of improperly retaining tips earned by Plaintiff and FLSA Collective Plaintiffs, in violation of the FLSA.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the prevailing minimum wage when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage plus an equal amount as liquidated damages.

38. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

42. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay him minimum wage in the lawful amount for hours worked. Defendants were not entitled to take any tip credits because they failed to meet the statutory requirements under the NYLL.

43. Defendants knowingly and willfully violated the rights of Plaintiff by making improper deductions from the base minimum wage of Plaintiff, in violation of the NYLL.

44. Defendants knowingly and willfully violated the rights of Plaintiff by improperly retaining tips earned by Plaintiff, in violation of the NYLL.

45. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff, as required by the NYLL.

46. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff with every wage payment, as required by the NYLL.

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the unpaid minimum wage, unlawfully retained tips, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the FLSA and NYLL;

d. An award of accrued tips that were unlawfully retained under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and accrued tips pursuant to the FLSA;

g. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and accrued tips pursuant to the NYLL;

    h.    An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees; and

    i.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 28, 2019          Respectfully submitted,

                              By:    */s/ C.K. Lee*
                                      C.K. Lee, Esq.

                                      LEE LITIGATION GROUP, PLLC
                                      C.K. Lee (CL 4086)
                                      Anne Seelig (AS 3976)
                                      30 East 39th Street, Second Floor
                                      New York, NY 10016
                                      Tel.: (212) 465-1188
                                      Fax: (212) 465-1181

                                      *Attorneys for Plaintiff and FLSA Collective Plaintiffs*